IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| ROBERT EARL MARTIN | No. 98-178 |

**Norma L. Shapiro, J.**                                                                                         July 30, 2012

**MEMORANDUM**

After a jury trial, defendant Robert Earl Martin ("Martin") was convicted of armed bank robbery and using and carrying a firearm during a bank robbery. Because Martin was previously convicted of two violent felonies, he was sentenced to life imprisonment under the "Three Strikes" statute, 18 U.S.C. § 3559(c). Before the court is Martin's *pro se* Motion for New Trial (paper no. 118) under Federal Rule of Criminal Procedure 33. For the reasons set forth below, the Motion will be denied.

**I.      FACTS AND PROCEDURAL HISTORY**

On March 6, 1998, a man with a double-barreled sawed-off shotgun robbed United Bank, 2820 West Girard Avenue, Philadelphia, Pennsylvania. Surveillance cameras at United Bank photographed the bank-robber. An informant told Philadelphia Police Detective Mary Seifert the man in the surveillance photographs was at a barber shop at 2125 Ridge Avenue, Philadelphia, Pennsylvania. Detective Seifert went to the barber shop, recognized Martin as the man in the photographs, and arrested him.

A grand jury indicted Martin on two counts: (1) committing armed bank robbery on March 6, 1998; and (2) using and carrying a firearm during and in relation to an armed bank

1

robbery. The main issue at trial was the identification of Martin as the bank-robber. United States v. Martin, No. 98-178, 2000 U.S. Dist. LEXIS 2054, at *2, 2000 WL 233217, at *1 (E.D. Pa. Feb. 25, 2000). On July 1, 1998, a jury convicted Martin on both counts, and his post-trial motions were denied. See Op., May 7, 2001 (paper no. 76). Martin, appealing timely, challenged, among other things, the prosecutor's opening and closing arguments as: (1) inappropriate vouching for the credibility of witness testimony; and (2) misrepresenting the testimony of Martin's expert witness. The Court of Appeals affirmed the conviction and sentence. United States v. Martin, 46 F. App'x 119, 122 (3d Cir. 2002) (unpublished).

Martin timely filed a motion under 28 U.S.C. § 2255 and raised claims of ineffective assistance of counsel. See Def. Mot., Apr. 23, 2004 (paper no. 92). Appointed counsel represented him at an evidentiary hearing, and the motion was denied. See Op., May 16, 2005 (paper no. 106). Martin appealed, and the Court of Appeals affirmed in all respects. United States v. Martin, 262 F. App'x 392, 401 (3d Cir. 2008) (unpublished).

On October 21, 2011, Martin filed a *pro se* Motion for New Trial (paper no. 118) under Federal Rule of Criminal Procedure 33. Martin argues: (1) the Assistant United States Attorney engaged in prosecutorial misconduct during closing argument when she mischaracterized the testimony of the defense expert witness; (2) the court erred when it failed to grant a jury request to see Martin smile;[1] and (3) the court erred in admitting "incredible" eyewitness testimony. Mot. New Trial at 1. The court liberally construes the Motion as grounded on newly discovered

---

[1] During closing argument the prosecutor suggested Martin's expert did not positively match Martin to the bank-robber in the surveillance photograph because the robber was smiling, and that altered the position of his facial creases. During deliberation, the court denied a jury request to see Martin smile.

evidence. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("The handwritten *pro se* document is to be liberally construed"). In its Response (paper no. 119), the Government argues the Motion should be denied as: (1) untimely; (2) not based on newly discovered evidence; and (3) lacking in merit.

## II.   STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 33, in the interest of justice the court may vacate any judgment and grant a new trial. The court granting a motion for new trial must be cautious. United States v. Fox, 402 F. App'x 741, 743 (3d Cir. 2010); *see also* 3 Charles A. Wright, et al., Federal Practice and Procedure § 581 (4th ed. 2012). Because the verdict against the defendant is presumed valid, the defendant bears a heavy burden to demonstrate a new trial ought to be granted. United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006).

## III.   DISCUSSION

### A.   Timeliness

A motion for new trial grounded in newly discovered evidence must be filed within three years after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(1). If the motion is grounded on any other reason, it must be filed within seven days after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(2).[2]

Martin was found guilty on July 1, 1998, and he filed this Motion on October 21, 2011 — 13 years later. Unless the court tolls the time period for filing the Motion, the Motion is

---

[2] On December 1, 2009, Rule 33(b)(2) was amended to extend the 7 day period to 14 days. This amendment does not affect this decision because the Motion is untimely under both the pre- and post-amendment versions of this rule.

untimely.[3]

    **B.    Excusable Neglect**

Under Federal Rule of Criminal Procedure 45(b)(1)(B), when a motion must be filed within a specified period, the court may extend the time period if the party failed to act because of excusable neglect.

In Pioneer Investment Services Company v. Brunswick Associated Limited Partnership, 507 U.S. 380 (1993), the Supreme Court, in a bankruptcy case,[4] held a court may toll the time period for filing motions where failure to comply with a filing deadline is attributable to excusable neglect. The attorney in Pioneer filed a creditor's proofs of claim twenty days after the filing deadline. The Supreme Court considered: (1) the danger of prejudice to the non-movant; (2) the length of delay and its impact on judicial proceedings; (3) the reason for delay; (4) whether the movant had control over the delay; and (5) whether the movant acted in good faith. Id. at 395. The Court, affirming the Sixth Circuit Court of Appeals, found the good faith of the claimants, lack of danger of prejudice, and absence of disruption to judicial efficiency weighed in favor of permitting the untimely claim. Id. at 396–99.

While it seems Martin acted in good faith, the remaining Pioneer factors weigh heavily against permitting the untimely Motion. Martin's trial focused on identifying him as the bank-robber. With the passage of thirteen years, witnesses disappear and memories fade; the witnesses' testimony will lose credibility. An attempt to retry the case at this stage will prejudice

---

[3] The Government has not forfeited the untimeliness defense. *See* Eberhart v. United States, 546 U.S. 12, 13 (2005) (Government forfeited the defense of untimeliness when it failed to raise it before the district court reached the merits on a motion for new trial).

[4] While Pioneer is a bankruptcy case, the analysis of excusable neglect is the same in a motion for new trial under Rule 33. United States v. Kennedy, 354 F. App'x 632, 636–37 (3d Cir. 2009).

the Government. The length of the delay weighs against allowing the untimely Motion. Whereas the Supreme Court in Pioneer found a twenty day delay did not negatively affect judicial proceedings, Martin's thirteen year delay in filing this Motion disrupts judicial efficiency. Id. Because Martin filed multiple post-trial motions and appeals, he was not ignorant of his ability to file this Motion earlier. Martin did not address the untimeliness of his Motion and provided no reason for the delay. *See* Def. Mot., Oct. 21, 2011 (paper no. 118). The court will not toll the time period for filing the Motion.

      **C.**      **Newly Discovered Evidence**

To succeed on a motion for new trial grounded on newly discovered evidence: (1) the evidence must be newly discovered; (2) the reason the movant failed to discover the evidence must not have been his/her lack of due diligence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must have probably produced an acquittal if it were presented at trial. United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976); United States v. Lee, 346 F. App'x 878, 880 (3d Cir. 2009); United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002).

In United States v. Jasin, 280 F.3d 355 (3d Cir. 2002), a jury found the defendant guilty on one count of conspiracy to evade the international arms embargo against South Africa. After trial, a convicted co-conspirator, who had invoked the Fifth Amendment at trial, admitted the defendant did not know about the conspiracy. Based on this new evidence, the defendant filed a motion for new trial. Id. The Court of Appeals, affirming the district court's denial of the motion, held evidence known but unavailable at trial is not newly discovered evidence under Rule 33. Id. at 362.

Since his trial in 1998, Martin was aware of what the prosecutor said during her closing argument. In his direct appeal, Martin argued the prosecutor's comments about his expert witness constituted prosecutorial misconduct because the comments mischaracterized the expert's testimony. *See* Martin, 46 F. App'x at 120. The Court of Appeals, affirming the district court, held the prosecutor's comments were harmless error. *See* Martin, 46 F. App'x at 123. Martin knew the court did not direct him to smile during the jury viewing, and he knew of the nature and credibility of the witness testimony presented at trial. The evidence Martin provided in his Motion was known and available at trial. There is no newly discovered evidence. *See* Iannelli, 528 F.2d at 1292.

## IV. CONCLUSION

The Motion for New Trial is denied as untimely. An appropriate order follows.