**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  98-178** |
| | : | |
| **ROBERT EARL MARTIN** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                    **June 2, 2020**

Robert Earl Martin *pro se* moves to vacate our February 28, 2020 Order denying his habeas Petition.  He argues our February 28, 2020 Order denied him due process because we relied upon his cogent Petition and the United States' Response and did not await a reply brief never scheduled to be filed or anticipated.  Mr. Martin did not cite other grounds for error in our Order denying his successive habeas petition.  Mr. Martin is incorrect concerning a due process violation.  But in an abundance of caution, we again examined our February 28, 2020 Order and Memorandum and find no basis for error, no new facts or newly discovered evidence and no finding of fraud, misrepresentation, or misconduct by the United States.  We deny Mr. Martin's Motion to vacate.

## I.      Background

Approximately one year after denying Robert Earl Martin a second or successive habeas Petition, our Court of Appeals granted Mr. Martin leave to file a successive habeas petition  to allow us to evaluate whether the Supreme Court's decision in *United States v. Davis*[1] may afford him relief.  Mr. Martin timely moved for habeas relief and the United States responded.  Mr. Martin sought habeas relief arguing his sentence under the Armed Career Criminal Act[2] is unconstitutional.

On February 28, 2020, we issued an extensive opinion describing how Mr. Martin's requested relief is not available under his conviction.[3]  Judge Shapiro did not sentence Mr. Martin under the Armed Career Criminal Act; she sentenced him under the "three-strikes statute"[4] and our Court of Appeals affirmed his conviction.  We further found our Court of Appeals already held we cannot extend Supreme Court holdings striking the elements clause under the Armed Career Criminal Act to similar language in the three-strikes statute.  We further held even if we would apply the precedent, our Court of Appeals already held his charged crime of armed bank robbery is a crime of violence under the elements clause of the Armed Career Criminal Act.  We went one step further and assumed even if we could apply the 2019 Supreme Court precedent in *Davis* affecting the Armed Career Criminal Act to Judge Shapiro's three-strikes statutory sentence, his earlier convictions appeared to qualify as predicate crimes under the elements clause of the three-strikes statute.

## II.    Analysis

Mr. Martin mailed a Motion to vacate our February 28, 2020 Order and Memorandum on March 16, 2020.[5]  Due to delays in mail processing caused by COVID-19 mitigation efforts and stay-in-place orders precluding our Clerk of Court from beginning to process *pro se* mail until last week, the Clerk of Court did not docket his Motion until May 26, 2020.  Before docketing but after mailing his Motion to vacate, Mr. Martin sent us a letter asking for a status and filed an April 21, 2020 Notice of Appeal from our February 28, 2020 Order.[6]  He does not identify the reasons for appeal but does attempt to excuse his untimely appeal due to the effects of COVID-19 on his prison facility.

We retain jurisdiction over Mr. Martin's Motion to vacate as filed before the Notice of Appeal.[7]  The issue is whether Mr. Martin has established a basis for us to vacate our February 28, 2020 Order, with supporting opinion, under Federal Rules 59(e) or 60(b).

Federal Rule of Civil Procedure 59(e) is "a device [ ] used to allege legal error,"[8] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence.[9] The moving party must show one of the following to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[10]

Federal Rule of Civil Procedure 60(b) "provides litigants with a mechanism by which they may obtain relief from a final judgment 'under a limited set of circumstances including fraud, mistake, and newly discovered evidence.'"[11] Grounds for relief from a final judgment, order, or proceeding may be granted for six enumerated reasons: Rule 60(b)(1) requires "mistake, inadvertence, surprise, or excusable neglect;"  Rule 60 (b)(2) requires "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" Rule 60(b)(3) requires "fraud . . . , misrepresentation, or misconduct by an opposing party;" Rule 60(b)(4) where "the judgment is void;" Rule 60(b)(5) requires "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" and  Rule 60(b)(6) is "a catch-all provision extending beyond the listed circumstances to 'any other reason that justifies relief.'  Despite the open-ended nature of the provision, [we] may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and

unexpected hardship would occur.'"[12]  Our Court of Appeals cautions "[t]his is a difficult standard to meet, and '[s]uch circumstances will rarely occur in the habeas context.'"[13]

Mr. Martin provides no basis to prevail on either a Rule 59(e) or Rule 60(b) motion.  We find no manifest error of law or fact.  Mr. Martin does not present newly discovered evidence.  His motion is based upon his misunderstanding of a "right" to file a reply brief.  Mr. Martin does not provide us authority, and our research has not uncovered any, definitively holding a habeas petitioner has a due process right to file a reply brief in answer to the United States' response.  To the contrary, the limited number of cases addressing this argument find a habeas petitioner does not have a due process "right" to file a reply.[14]  We see no basis for vacating our February 28, 2020 Order because of the perceived due process right to file a reply.  Mr. Martin briefed this issue to our Court of Appeals and presented cogent and extensive reasons in his petition.  We carefully reviewed his petition and the Supreme Court's holding in *Davis* and its progeny.  We issued an eleven-page opinion describing our reasons for denying his petition for habeas relief including providing three alternative grounds as to why his arguments did not fit within the *Davis* allowance.

### III.   Conclusion

As Mr. Martin does not provide grounds for habeas relief nor does his present motion offer a reason cognizable under Rules 59 or 60 to vacate our February 28, 2020 Order, we deny Mr. Martin's motion in the accompanying Order.

---

[1] *United States v. Davis*, 588 U. S. ——, ——, 139 S.Ct. 2319, 2325, 204 L.Ed.2d 757 (2019).

[2] 18 U.S.C. § 924(c).

[3] ECF Doc. No. 137.

[4] 18 U.S.C. § 3559(c).

[5] ECF Doc. No. 143.  Mr. Martin is currently an inmate at FCI-Butner (Medium II) in Butner, N.C.

[6] ECF Doc. Nos. 141,144.  Like his Motion to vacate, our Clerk of Court could not process Mr. Martin's letter request until last week. The Clerk for the Court of Appeals could process the Notice of Appeal earlier.

[7] *See United States v. Adderly*, No. 09-3338, 2012 WL 12906317, n. 1 (E.D. Pa. Jan. 25, 2012).

[8] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

[9] *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

[10] *See Davender v. Warden Fairton FCI*, 757 F. App'x 74, 77 (3d Cir. 2018) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

[11] *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

[12] *Id.* (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) and citing *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978)).

[13] *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

[14] *See United States v. Schmutzler*, No. 13-65, 2017 WL 4648146, at *3 (M.D. Pa. Oct. 17, 2017) (citing *Person v. Ercole*, No. 08-7532, 2015 WL 4393070, at *2 (S.D.N.Y. July 16, 2015) ("[D]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right."); *United States v. Andrews*, No. 12-6208, 2012 WL 6692159, at *2 (N.D. Ill. Dec. 19, 2012) ("[Petitioner] does not point to any case, and our own research has not uncovered any, definitively holding that a habeas petitioner has a due process right to file a reply brief answering a government response.")).